PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS    (1927-1950)
JOHN F. WHARTON    (1927-1977)

WRITER'S DIRECT DIAL NUMBER
212-373-3215

WRITER'S DIRECT FACSIMILE
212-492-0215

WRITER'S DIRECT E-MAIL ADDRESS
lclayton@paulweiss.com

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
ALLAN J. ARFFA
ROBERT A. ATKINS
DAVID J. BALL
JOHN F. BAUGHMAN
LYNN B. BAYARD
DANIEL J. BELLER
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
JAMES L. BROCHIN
RICHARD J. BRONSTEIN
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JESSICA S. CAREY
JEANETTE K. CHAN
YVONNE Y. F. CHAN
LEWIS R. CLAYTON
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
CHARLES E. DAVIDOW
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
LESLIE GORDON FAGEN
MARC FALCONE
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
HARRIS B. FREIDUS
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIOMELLA
ROBERT D. GOLDBAUM
NEIL GOLDMAN
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR
ANDREW G. GORDON
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
GAINES GWATHMEY, III
ALAN S. HALPERIN
JUSTIN G. HAMILL
CLAUDIA HAMMERMAN
GERARD E. HARPER
BRIAN S. HERMANN
MICHELE HIRSHMAN
MICHAEL S. HONG
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
BRIAN M. JANSON
JAREN JANGHORBANI
MEREDITH J. KANE

ROBERTA A. KAPLAN
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
DANIEL J. LEFFELL
XIAOYU GREG LIU
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
ELIZABETH R. McCOLM
MARK F. MENDELSOHN
WILLIAM B. MICHAEL
TOBY S. MYERSON
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
MARC E. PERLMUTTER
VALERIE E. RADWANER
CARL L. REISNER
LORIN L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JACQUELINE P. RUBIN
RAPHAEL M. RUSSO
ELIZABETH M. BACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
STEPHEN J. SHIMSHAK
DAVID R. SICULAR
MOSES SILVERMAN
STEVEN SIMKIN
JOSEPH J. SIMONS
AUDRA J. SOLOWAY
SCOTT M. SONTAG
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
ROBYN F. TARNOFSKY
MONICA K. THURMOND
DANIEL J. TOAL
LIZA M. VELAZQUEZ
MARIA T. VULLO
ALEXANDRA M. WALSH*
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
BETH A. WILKINSON
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
JULIA MASON WOOD
JENNIFER H. WU
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

December 28, 2015

**By ECF and Hand Delivery**

The Honorable Shira A. Scheindlin
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

*MeehanCombs Global Credit Opportunities Master Fund, LP, et al.*,
v. *Caesars Entm't Corp., et al.*, No. 14 Civ. 7091 (SAS)

*Danner* v. *Caesars Entm't Corp., et al.*, No. 14 Civ. 7973 (SAS)

*BOKF, N.A.* v. *Caesars Entm't Corp.*, No. 15 Civ. 1561 (SAS)

*UMB Bank, N.A.* v. *Caesars Entm't Corp.*, No. 15 Civ. 04634 (SAS)

Dear Judge Scheindlin:

I write on behalf of defendant Caesars Entertainment Corp. ("CEC") to advise the Court of two recent developments in the bankruptcy proceedings involving Caesars Entertainment Operating Co., Inc. and certain of its subsidiaries ("Debtors") relevant to the matters pending before this Court, and respectfully to request that the Court defer issuing any decision on the pending motions for summary judgment until the Bankruptcy Court acts on a request by the Debtors for an injunction temporarily enjoining plaintiffs here from proceeding with these litigations.

*First*, on December 23, 2015, the U.S. Court of Appeals for the Seventh Circuit issued an opinion vacating the Bankruptcy Court's order denying the Debtors' motion for a temporary injunction enjoining plaintiffs here from prosecuting the guarantee claims asserted in these matters, and remanded the case to the Bankruptcy Court for further proceedings. *CEOC* v. *BOKF, N.A.*, Case No. 15-3259 (Ex. A hereto). The Seventh Circuit, in an opinion by Judge Posner, concluded that the Bankruptcy Court read Bankruptcy Code section 105(a) too narrowly in holding that only a lawsuit arising from the "same acts" of the non-debtor that gave rise to the disputes in the bankruptcy proceeding may be enjoined under the statute. *Id.* at 4, 9. Instead, the court held, section 105(a) grants bankruptcy courts "extensive equitable powers" to enter injunctions where doing so is "likely to enhance the prospects for a successful resolution of the

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Shira A. Scheindlin                                                        2

disputes" in bankruptcy and where denial will "endanger the success of the bankruptcy proceedings." *Id.* at 4.

 While reserving any factual questions for the Bankruptcy Court, the Court of Appeals recognized that the interests of the creditors in what it characterized as "an immense, and immensely complicated" bankruptcy case "would be furthered by a temporary injunction staying the lenders' lawsuits against CEC." *Id.* at 1, 5.  The court reasoned:

> If before CEOC's bankruptcy is wound up CEC is drained of capital by the lenders' suits to enforce the guaranties that CEC had given them, there will be that much less money for CEOC's creditors to recover in the bankruptcy proceeding. … The less capital CEC has for CEOC to recapture through prosecution or settlement of its fraudulent-transfer claims, the less money its creditors will receive in the bankruptcy proceeding.  Those creditors, and CEOC as their debtor, thus have a direct and substantial interest in the litigation between CEC and the firms to which it has issued guaranties.  That interest would be furthered by a temporary injunction staying the lenders' lawsuits against CEC. …. [¶]  CEOC contends that if the guaranty litigation against CEC can be frozen for a time by an order issued by the bankruptcy judge, the bankruptcy examiner's report analyzing the disputed transactions will provide the parties with information they need to have a clear shot at negotiating an overall settlement ….  [¶] If this analysis is correct, there is nothing in section 105(a) to bar the order sought by CEOC ….

*Id.* at 5-6.  The court further noted that "the issuance of a temporary injunction against a class of creditors could well facilitate a prompt and orderly wind-up of the bankruptcy."  *Id.* at 7.

 *Second,* earlier today the Debtors filed an application with the Bankruptcy Court for an emergency hearing on a renewed motion to enjoin plaintiffs here from prosecuting these matters for a period until 60 days after the issuance of the report by the Bankruptcy Examiner. (Ex. B hereto.)  In the accompanying proposed motion, the Debtors argue that these actions "threaten to render CEC insolvent and prevent the Debtors from recovering any assets from CEC," *id.* Ex. B, ¶ 8, and note in particular the potential impact of a ruling by this Court on the pending motions for summary judgment, *id.* Ex. B, ¶¶ 12-14.  They argue that to reach a "consensual, value-maximizing plan that contains significant funding contributions and credit support from CEC," the Debtors need to ensure that CEC has the resources to fund them, and that "[a] temporary stay will funnel to the reorganization process all of the claims that relate to the estate, providing the parties with a strong incentive to reach a consensual resolution in the chapter 11 case." *Id.* Ex. B, ¶ 15.  This afternoon, the Bankruptcy Court denied the Debtors' application without prejudice on the ground that the Court of Appeals has not yet issued its mandate and that accordingly it lacked jurisdiction to address the preliminary injunction motion on remand.  (Ex. C hereto.)  The Debtors are filing a motion with the Seventh Circuit later today to expedite the issuance of the mandate.  CEC understands that the Debtors intend to renew their request as soon as the court of appeals issues its mandate.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Shira A. Scheindlin                                                      3

      In light of these developments, CEC respectfully requests that the Court defer any decision on the pending summary judgment motions until the Debtors have had an opportunity to renew their request and the Bankruptcy Court has ruled on the Debtors' motion.  A deferral by this Court will give the Bankruptcy Court an opportunity to determine whether the injunction the Debtors seek will enhance the prospects of a successful resolution of the CEOC bankruptcy, and whether permitting these matters to go forward will endanger the success of the bankruptcy proceedings.  Such a deferral will not affect the scheduled trial dates or the expert discovery and trial preparation in which the parties are now engaged.

      Separately, as the Court is aware, on December 22, 2015, the Court of Appeals for the Second Circuit denied CEC's petition under 28 U.S.C. § 1292(b) for leave to take an interlocutory appeal from this Court's ruling on the prior summary judgment ruling in BOKF and UMB.  In light of the uncertainties that the Circuit's ruling creates in the governing legal standards, should the Bankruptcy Court deny the Debtors' motion, we intend to ask this Court to stay all proceedings in these matters pending resolution of the appeal in *Marblegate Asset Management, LLC* v. *Education Management Corp.*, Nos. 15-2124 and 15-2141 (2d Cir.), in which briefing was completed on December 23, 2015.

                                                      Respectfully submitted,

                                             Lewis R. Clayton

cc:    All Counsel of Record (via ECF)