
**ERIC SEILER**
eseiler@fklaw.com
212.833.1103

March 18, 2016

Hon. Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   *Trilogy Portfolio Co. v. Caesars Entertainment Corp.*, 14-CV-7091
              *Danner v. Caesars Entertainment Corp.*, 14-CV-7973
              *BOKF, N.A. v. Caesars Entertainment Corp.*, 15-CV-1561
              *UMB Bank, N.A. v. Caesars Entertainment Corp.*, 15-CV-4634

Dear Judge Scheindlin:

      We represent defendant Caesars Entertainment Corporation ("CEC"). We respond to the letters from plaintiffs BOKF, N.A. and UMB Bank, N.A. (the "Trustees") and Mr. Danner, both dated March 14, and the letter from the *Trilogy* plaintiffs dated March 16.

      The Trustees ask, despite the long-standing schedule calling for the May 9, 2016 trial to be only for the *Trilogy* and *Danner* cases, that this trial also include the parts of the Trustees' cases which the Court designated for an initial trial under a bifurcated scheme. In the past, CEC advocated a single trial. But bifurcation is now a fact, as is the splintering among plaintiffs as to the claims they seek to try. This creates a dynamic in which a unified trial would be confusing to a jury and prejudice CEC. At a November 10, 2015 hearing, the Court decided to try the Trustees' cases separately from the *Trilogy* and *Danner* cases. The Court adhered to that decision in its Order of January 15, 2016. CEC urges it to do so again. As to sequence, CEC suggests the Court retain May 9 as the trial date for the first-filed *Trilogy* and *Danner* cases, and that it set the Trustees' initial trial for later in the summer.

      In light of the differing scope of proof contemplated by each of the Trustees, the *Trilogy* plaintiffs, and Mr. Danner, CEC concurs with the *Trilogy* plaintiffs' view that a combined trial will confound the jury. CEC also believes that such confusion will prejudice it, as it is required to defend, in a single trial, cases with only partially overlapping claims, where even the overlapping claims are based on different presentations. CEC further believes that, in light of plaintiffs' positions, a single trial will undermine the efficiencies that the Court hoped to achieve in bifurcating the Trustees' trial. If the court wishes to hear the basis for CEC's view, we are happy to provide it in writing or in a conference on scheduling.

      Respectfully,

      Eric Seiler